Wesley L. CASSIDY, Sr., Petitioner–
Appellant,

v.

COMMISSIONER of INTERNAL
REVENUE, Respondent–
Appellee.

No. 13–74465.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 24, 2016.\*

Filed March 3, 2016.

Wesley L. Cassidy, Sr., Santa Rosa, CA,
pro se.

Robert Joel Branman, Esquire, Michael
J. Haungs, Joan I. Oppenheimer, William
J. Wilkins, Chief Counsel, Internal Reve-
nue Service, Washington, DC, for Respon-
dent–Appellee.

Before: LEAVY, FERNANDEZ, and
RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

Wesley L. Cassidy, Sr., appeals pro se
from the Tax Court's decision dismissing
for failure to prosecute his petition chal-
lenging the Commissioner of Internal Rev-
enue's determination of tax deficiencies for
tax years 2006, 2007, and 2008. We have
jurisdiction under 26 U.S.C. § 7482(a)(1).
We review for an abuse of discretion, *Noli
v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir.
1988), and we affirm.

The Tax Court did not abuse its discre-
tion in dismissing Cassidy's petition for
failure to prosecute because, despite being
granted three trial continuances and multi-

ple warnings that his case could be dis-
missed, Cassidy failed to submit evidence
to substantiate his assertions or respond to
various requests from the Commissioner.
*See id.* (a court is justified in dismissing a
case on the basis of a party's dilatory
conduct); *see also* T.C.R. 123(b) (Tax
Court may dismiss a case and enter a
decision against a petitioner where the pe-
titioner fails to prosecute or proceed as
required by the Tax Court).

We reject as meritless Cassidy's conten-
tions that the underlying proceeding vio-
lated his due process rights and right to a
fair trial, that the Tax Court was biased
against him, and that the Tax Court erred
in denying him an interpreter.

Because we affirm the dismissal for fail-
ure to prosecute, we do not consider the
merits of his underlying claim.

All pending requests are denied as moot.

**AFFIRMED.**

* The panel unanimously concludes this case is
 suitable for decision without oral argument.
 *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
 cation and is not precedent except as provid-
 ed by 9th Cir. R. 36–3.